**In re ANC RENTAL CORPORATION, et al., Debtors.**

**Alamo Rent A Car, LLC, National Car Rental Systems, Inc. and ANC Rental Corporation, Plaintiffs,**

v.

**Smith Personnel Solutions, Defendant.**

Bankruptcy No. 01–11200(MFW).
Adversary No. 03–57773(PBL).

United States Bankruptcy Court, D. Delaware.

April 22, 2005.

Elio Battista, Jr., William J. Burnett, Bonnie Glantz Fatell, Jason W. Staib, Elizabeth A. Wilburn, Michael David Debaecke, Mark J. Packel, William J. Burnett, Bonnie Glantz Fatell, Blank Rome LLP, Roland Gomez, Lead Attorney, Joseph Grey, Joseph H. Huston, Jr., Thomas G. Whalen, Jr., Stevens & Lee, P.C., James E. Huggett, Flaster Greenberg, Sheldon K. Rennie, Fox Rothschild

O'Brien & Frankel LLP, Kevin J. Connors, Marshall Dennehey Warner Coleman & Goggin, Wilmington, DE, Eric J. Bronstein, Elliott Reihner Siedzikowski & Egan, Blue Bell, PA, Frank S. Potts, Lead Attorney, Columbia, SC, Janice M. McAvoy, Fried Frank Harns Shriver & Jocobson, New York City, for Debtor.

### MEMORANDUM OPINION [1]

PAUL B. LINDSEY, Bankruptcy Judge.

This is an action brought by Plaintiffs, Alamo Rent a Car, LLC, National Car Rental Systems, Inc., and ANC Rental Corporation ("Plaintiffs"), seeking to avoid and recover certain transfers of property to Defendant, Smith Personnel Solutions ("Defendant"), pursuant to §§ 547 and 550 of the Bankruptcy Code.[2]

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334, and this is a core proceeding pursuant to § 157(b)(2)(A), (F), and (O). Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1409.

In the complaint, Plaintiffs allege that during the 90–day period prior to the filing of Debtors' petition in bankruptcy (the "Preference Period"), Plaintiffs made certain transfers of its property totaling not less than $97,419.59 to or for the benefit of Defendant; that Defendant was at the time a creditor of Plaintiffs; that the transfers were for or on account of antecedent debts owed by Plaintiffs to or for the benefit of Defendant; that Plaintiffs were insolvent at the time of each transfer; that the transfers enabled Defendant to recover more than it would have received if the case were a case under Chapter 7 of the Bankruptcy Code, the transfers had not been made, and Defendant received payment of its debt to the extent provided by the provisions of the Bankruptcy Code.[3] Plaintiffs further allege that by reason of the foregoing, the transfers should be avoided and set aside as preferential and that Plaintiffs may recover such amounts.[4]

In its answer, Defendant, *inter alia*, asserted as an affirmative defense, that "there exists a defect of parties as Defendant never provided any services to Plaintiff or received any compensation from Plaintiff as alleged in the complaint. Plaintiff has sued the wrong company." (Answer of Smith Personnel Solutions, ¶ 7) Defendant also asserted that Plaintiffs could not establish the elements of §§ 547, 548 or 550. (Id., ¶¶ 8–10)

On April 8, 2005, pursuant to the General Order Regarding Pretrial Procedures in Adversary Proceedings Set For Trial Before Judge Paul B. Lindsey (the "General Order"), the parties prepared and filed their Joint Pretrial Memorandum.[5] The

---

1. This Memorandum constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052, which is made applicable to contested matters by Rule 9014.

2. 11 U.S.C. §§ 101 *et seq.* References to statutory provisions by section number only will be to provisions of the Bankruptcy Code unless the contrary is clearly stated.

3. These are the five elements of § 547(b), which Plaintiffs have the burden of proving in order to avoid preferential transfers. § 547(g).

4. The complaint also alleges, in the alternative, that the transfers in question constituted fraudulent transfers pursuant to § 548. This issue was not addressed in later proceedings before the Court, and no reference to it was made either in the parties' joint pretrial memorandum or at trial.

5. The General Order provides, *inter alia*, that the "Joint Pretrial Memorandum shall govern the conduct of the trial and shall supercede all prior pleadings in the case."

parties stated no objections to any proposed testimony, documents or exhibits to be offered by either party at trial. Plaintiffs' proposed exhibits included fifteen ANC Rental Systems checks made payable to Smith Personnel Solutions; a certain proof of claim allegedly filed by Smith Personnel Solutions in the bankruptcy of National Car Rental Systems, Inc.[6] ("National Car"); Defendant's Answer in this adversary proceeding; and Defendant's responses to Plaintiffs' Requests for Admissions, First Set of Interrogatories and First Request for Production of Documents. Defendant's proposed trial exhibits included the fifteen checks listed by Plaintiff and three certifications of the Secretary of State of the State of Texas, regarding Service Temps, Inc., Smith Temps, Inc., and Smith Personnel Solutions.

The Joint Pretrial Memorandum recited the Issues of Fact remaining to be litigated, including whether during the Preference Period the alleged transfers were made to or for the benefit of Defendant; whether Defendant was a creditor of Plaintiffs at the time of each transfer; whether the transfers were on account of antecedent debts owed by Plaintiffs to Defendant; whether the transfers enabled Defendant to receive more than it would have received in a Chapter 7 case; and whether the Defendant is a transferee with regard to the transfers. Also raised as an issue, though not stated as such, was that "Smith Personnel Solutions" is a trade name for Service Temps, Inc. and that Smith Temps, Inc. issued the invoices for the allegedly preferential transfers.

The legal issues remaining to be litigated were whether Defendant was liable under §§ 547 and 550 and whether Defen-

dant had waived the affirmative defenses provided under § 547(c) by failing to assert them in its Answer and Responses to Interrogatories.

This adversary proceeding went to trial before the Court on April 13, 2005, and at its conclusion, the matter was taken under advisement. The Court is now prepared to render its decision.

It is important to note which of the proposed exhibits were offered and admitted into evidence at trial. Plaintiffs' Exhibits 1 through 15, the checks made payable to Defendant, were identified and admitted without objection. Plaintiffs' Exhibit 16, the proof of claim allegedly filed by Defendant against National Car, which was also accompanied by three invoices of Smith Temps, Inc., covering services rendered to National Car during September and October 2001, was admitted. Neither Plaintiff's Exhibit 17, Defendant's answer, nor Plaintiff's Exhibit 18, Defendant's responses to Plaintiff's discovery requests, was discussed, offered or admitted into evidence at the trial. Defendant's Exhibits 1 through 18 were all admitted into evidence without objection.

Plaintiffs called Mr. John Chapman, former President of ANC Rental Corporation, in support of their case in chief. Mr. Chapman testified that he was generally familiar with the alleged transfers at issue in this proceeding and identified the fifteen checks as those that were issued by National Car to Smith Personnel Solutions pursuant to services that were performed prior to the date of the issuance of the checks. Mr. Chapman also testified that the unsecured creditors of ANC Rental

---

**6.** The case of National Car Rental Systems, Inc., No. 01–11229, has been procedurally consolidated and jointly administered under ANC Rental Corporation, *et al.*, Case No. 01–11200.

Corporation will receive significantly less than 100% on their claims.

Defendant's witness was Mr. Joe Roberts who was the manager for Service Temps, Inc. He testified that Service Temps, Inc. has approximately three hundred employees, who provide temporary services for employers who require workers compensation insurance, whereas Smith Temps, Inc. has approximately seventy-five employees, who provide temporary services for employers who did not require such insurance coverage. Mr. Roberts further testified that he and Mr. Pete Labonte own Smith Temps, Inc., and also serve as officers and directors of Smith Temps, Inc. Mr. Roberts however, did not know who owned Service Temps, Inc.

With regard to Plaintiffs' Exhibits 1 through 15, Mr. Roberts stated that the checks had been received but it was determined that the amounts remitted were not owed to Smith Personnel Solutions or to Service Temps, Inc., and therefore, they were turned over to Smith Temps, Inc. Upon inspection, each of the fifteen checks shows that Smith Temps, Inc. endorsed and deposited the checks even though they were made payable to Smith Personnel Solutions. Mr. Roberts testified that he did not recall ever notifying National Car Rental that it was sending checks to the wrong entity.

Mr. Roberts also testified that the pre-printed information on the proof of claim was incorrect. According to Mr. Roberts the address and the account or identifying number on the face of the proof of claim was actually for Smith Temps, Inc., not Smith Personnel Solutions. Additionally, the three invoices attached to the proof of claim were sent by Smith Temps, Inc. He also stated that the signature on the proof of claim (Plaintiff's Exhibit 16) was not his,

and that he did not authorize it or know who had signed his name to it.

In his closing argument, counsel for Plaintiffs' conceded that Plaintiffs did not name Service Temps, Inc. as a party defendant, but contended that they named the entity with which Plaintiffs were doing business. Counsel asserted that Plaintiffs believed they had sued the correct entity and noted that no evidence in the record indicated that the creditor ever notified Plaintiffs that Smith Personnel Solutions was the wrong entity. Plaintiffs' counsel seemed to intimate that Smith Temps, Inc. and Service Temps, Inc. were effectively one and the same, but no evidence was offered or introduced in support of this contention.

It is the view of this Court that based upon the exhibits and through the testimony of Defendant's witness, it was clearly established that Service Temps, Inc. and Smith Temps, Inc. are separate corporations incorporated under the laws of the State of Texas (Defendant's Ex. 16 and 17) and that Smith Personnel Solutions is an assumed name registered with the Secretary of State of the State of Texas under which Service Temps, Inc. does business. (Defendant's Ex. 18) The two corporations maintained separate business addresses, bank accounts, books and records, boards of directors, and filed separate tax returns.

Defendant's answer should have alerted Plaintiffs to at least the possibility that it had sued the wrong entity. While Smith Temps, Inc. and Service Temps, Inc. had some common employees, the evidence is clear that they were in fact separate corporate entities with different client bases, and bank and business connections and records. It is noted that while Plaintiffs filed a motion seeking to deem certain matters admitted by Defendant (D.I. 19), that motion was withdrawn less than two weeks after it was filed (D.I. 23), and

Plaintiffs made no effort to offer Defendant's responses to discovery into evidence at the trial. In fact, such responses repeatedly assert that Defendant was not conducting business with Plaintiffs and did not received the alleged transfers.

The Court finds that the fact that Defendant was the named payee on the checks is not conclusive of the identity of the transferee, particularly where each check is endorsed by and deposited to the credit of a separate entity. Mr. Roberts testified that the checks had been received by Smith Personnel Solutions but were then turned over to Smith Temps, Inc. once it was established that the amounts were not owed to Smith Personnel Solutions or Service Temps, Inc.

Moreover, the record in this case contains no evidence whatsoever beyond the inconclusive and self-serving testimony of Debtor's former president, that the checks were for or on account of an antecedent debt owed by the Debtor before the transfer was made. While the checks were apparently written in payment of invoices or other evidence of indebtedness, no such evidence was offered or admitted at trial and the record is devoid of any indication or evidence of the source or identity of the entity issuing such invoices. That being the case, Plaintiffs have failed to prove an essential element of their case under § 547(b)(2).

Under these circumstances, Defendant is entitled to judgment in its favor and Plaintiffs shall take nothing by reason of the complaint herein.

An appropriate judgment will be entered of even date herewith.

### JUDGMENT

In accordance with the Memorandum Opinion of the Court entered of even date herewith, Defendant is hereby granted judgment in its favor against Plaintiff and Plaintiff shall take nothing by reason of its complaint herein.